UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BRIAN S. MUNGER,

                               Plaintiff,              9:16-CV-0728
                                                        (BKS/CFH)

    v.

DR. GERALD CAHILL; et al.,

                              Defendants.

---

APPEARANCES:                                            OF COUNSEL:

BRIAN S. MUNGER
16-R-3234
Plaintiff, pro se
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051

HON. ERIC T. SCHNEIDERMAN           HELENA O. PEDERSON, ESQ.
New York Attorney General                Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

This action was brought pro se by plaintiff Brian S. Munger seeking redress for the violation of his constitutional rights during his confinement at Franklin Correctional Facility ("Franklin C.F.") in 2013. *See* Dkt. No. 1 ("Compl.").[1] Upon review of plaintiff's

---

[1] According to the public website maintained by the Department of Corrections and Community Supervision ("DOCCS"), plaintiff was released from DOCCS custody to parole supervision in January 2014. *See* http://nysdoccslookup.doccs.ny.gov. Plaintiff was returned to DOCCS custody in December 2016, to serve

complaint in accordance with 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, this Court concluded that plaintiff's claims that defendants Dr. Cahill and Nurse White were deliberately indifferent to his serious medical needs and that Nurse White provided false information to Dr. Cahill in retaliation for plaintiff having filed grievances against her survived initial review and required a response. Dkt. No. 10 ("October Order") at 19.[2]

An answer to the complaint was filed on behalf of Dr. Cahill and Nurse White on November 18, 2016. Dkt. No. 17. Discovery is ongoing. *See* Dkt. No. 18 (Mandatory Pretrial Discovery and Scheduling Order) Dkt. No. 54 (Hummel, M.J.).[3]

Presently before the Court are several letter motions from plaintiff. Dkt. Nos. 23, 24, 36, 40. Liberally construed, plaintiff seeks an order of this Court granting his request to add his brother as a "secondary claimant" in this action, directing his transfer to Washington Correctional Facility ("Washington C.F."), and prohibiting mistreatment by staff at Ulster Correctional Facility ("Ulster C.F."). Dkt. Nos. 23, 24. Plaintiff has also filed renewed requests that pro bono counsel be appointed to represent him in this action. Dkt. Nos. 36, 40.

## II.   DISCUSSION

### A.   Preliminary Injunctive Relief

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'"

---

an indeterminate sentence of three years ten months six days to four years six months. *Id*.

[2] Plaintiff's remaining claims were dismissed. October Order at 18-19. Plaintiff was granted leave to proceed with this action in forma pauperis. *Id*. at 18.

[3] Plaintiff has filed several letters and motions related to discovery matters, which have been addressed by Magistrate Judge Christian F. Hummel. *See* Dkt. Nos. 37, 43, 45.

2

*Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is "even higher." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).[4]

In his first motion, plaintiff states that his health is "not very good" and expresses concern that he will not be able to "fairly and financially/properly continue this claim without the extensive help from family." Dkt. No. 23 at 1-3. In order to facilitate the pursuit of his claims, plaintiff requests that he be permitted to appoint his brother Darryl K. Munger as a

---

[4] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. *See* 18 U.S.C. § 3626(a)(1)(A).

3

"secondary claimant," and that he be transferred to Washington C.F., which is located "within (1) one hour of my family." *Id*.; *see also* Dkt. No. 24 at 6. Plaintiff states that he will continue to "be the signer of all documents, and be responsible for properly executing [his] claim," *see* Dkt. No. 23 at 2. With respect to his requested transfer to Washington C.F., plaintiff states that in light of his limited financial resources, physical proximity to his family will permit them to "travel to swap documents and research for copying and what not." Dkt. No. 36 at 6.

Defendants oppose the requested relief. Dkt. No. 26. As defendants correctly note, plaintiff's brother is not alleged to have any standing to pursue the claims in this action on his own behalf and there is no basis upon which he can be added to this action as a party. *Id*. at 1-2. Defendants also oppose plaintiff's request that he be transferred to Washington C.F. and urge denial of this aspect of his motions. Dkt. No. 26 at 2; Dkt. No. 27 at 3. Defendants contend that it is DOCCS, and not this Court, which determines where plaintiff will be housed during his period of incarceration. *See Meachum v. Fano*, 427 U.S. 215, 229 (1976) ("The federal courts do not sit to supervise state prisons, the administration of which is [of] acute interest to the States."); *Olim v. Wakinekoma*, 461 U.S. 238, 248-49 (1983) (inmates have no right to be confined in a particular state or particular prison within a given state); *Montayne v. Haymes*, 427 U.S. 236, 243 (1976) (New York state prisoners have no right to incarceration at a particular prison facility).

Upon review and with due regard for plaintiff's status as a pro se litigant, the Court finds that there is no basis in the record upon which the requested relief may be granted and, therefore, denies his motion (Dkt. No. 23). Plaintiff has not identified any basis upon which

4

his brother may appear in this action on his behalf.[5]  By statute, parties appearing in a federal court may "plead and conduct their own cases personally or by counsel."  28 U.S.C. § 1654; *see Berrios v. New York City Hous. Auth*., 564 F.3d 130, 132 (2d Cir. 2009).  "Although [section] 1654 thus recognizes that an individual generally has the right to proceed pro se with respect to his *own* claims or claims against him personally, the statute does not permit unlicensed laymen to represent anyone else other than themselves."  *Berrios*, 564 F.3d at 132 (internal quotation marks omitted; emphasis in original).[6]  "A power of attorney does not allow that person to proceed pro se on behalf of their principal[.]"  *Clark v. Burge*, No. 06-CV-0658, 2007 WL 1199475, at *2 (W.D.N.Y. Apr. 19, 2007).[7]  Moreover, plaintiff's desire to be in close contact with and physical proximity to his family, no matter how sincere, is not sufficient to warrant the requested judicial relief.[8]

In his second motion, filed during his confinement at Ulster C.F., plaintiff claims that

---

[5] Plaintiff appears to seek his brother's "appointment" at least in part to preserve his claim in the event of his incapacitation or death.  *See* Dkt. No. 30 at 1.  The procedure to be followed for the substitution of parties upon the death of a party in an action such as this where the claim is not extinguished is set forth in Rule 25(a) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 25(a).  Rule 25(a)(1) provides that a motion for substitution may be filed by any party or by the decedent's "successor or representative."  *Id*.

[6] This rule recognizes that "a non-attorney creates unusual burdens" for his adversary, the court, as well as the party he intends to represent.  *Berrios*, 564 F.3d at 133; *see also Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir. 1998) (because pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause).

[7] *See also Megna v. U.S. Dep't of Navy*, 317 F. Supp. 2d 191, 192 (E.D.N.Y. 2004) ("Although New York General Obligations Law § 5-1502H authorizes an agent holding a sufficient power of attorney '[t]o assert and prosecute before any court . . . any cause of action . . . which the principal has, or claims to have, against any individual,' that statute only permits the agent to hire on behalf of her principal, *see e.g., In re Khoubesserian*, 264 A.D.2d 599, 600, 695 N.Y.S.2d 312, 314 (2d Dep't 1999), *leave to appeal denied*, 94 N.Y.2d 757, 704 N.Y.S.2d 532, 725 N.E.2d 1094 (1999), not to commence an action pro se in the name of her principal.").

[8] Insofar as plaintiff wants his family to be informed of proceedings in this action, he is advised that information regarding the Public Access to Court Electronic Records ("PACER") service is available at https://www.pacer.gov.  In addition, the Court's public docket for this action can be reviewed during regular business hours at the Clerk's Office located in Room 509 of the James T. Foley U.S. Courthouse, 445 Broadway, Albany, New York 12207.

he was being denied proper and adequate medical care in retaliation for his having filed this lawsuit. Dkt. No. 24.[9] As alleged, medical staff at Ulster C.F. denied plaintiff access to his medical devices and discontinued previously prescribed pain medication. *Id*. Plaintiff seeks an order directing that his medical devices be replaced (or their cost reimbursed), reinstating his pain medication, and enjoining further retaliation. *Id*.

Defendants oppose the motion and urge its denial. Dkt. No. 27. Defendants contend that injunctive relief is not warranted because the complaint asserts claims of deliberate indifference to plaintiff's serious medical needs which arose at Franklin C.F. in January 2013, while his motion seeks relief relating to unrelated events which occurred in December 2016 at Ulster C.F. *Id*. at 2. Defendants also urge denial of plaintiff's motion because none of the misconduct complained of by plaintiff in his motion is attributed to defendants Dr. Cahill and Nurse White. *Id*.

"'To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'" *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted). Except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action. *See* Fed. R. Civ. P. 65(d) ("[e]very order granting an injunction . . . binds only . . . the parties . . . ."); *see also United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *Slacks v. Gray*, No. 9:07-CV-0510, 2008 WL 2522075, at *1 n.1 (N.D.N.Y. Jun. 25, 2008) (Mordue, C.J.). "In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief

---

[9] Plaintiff is no longer at Ulster Correctional Facility. Dkt. No. 52.

against officials of that facility." *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006).

The Court has reviewed plaintiff's motion thoroughly and with due regard for his status as a pro se litigant. While the Court does not condone misconduct of any kind, the Court concludes that he has not made a showing sufficient to warrant the issuance of preliminary injunctive relief against defendants Dr. Cahill and Nurse White. In addition, because plaintiff is no longer confined at Ulster C.F., his motion is moot and is properly denied for that reason as well.[10]

### B. Appointment of Counsel

Plaintiffs bringing civil actions have no constitutional right to the appointment of counsel. *See, e.g., United States v. Coven,* 662 F.2d 162, 176 (2d Cir. 1981). However, pursuant to 28 U.S.C. § 1915(e), the court may request an attorney to represent an indigent party. 28 U.S.C. § 1915(e)(1) (authorizing the court to "request an attorney to represent any person unable to afford counsel.").[11] In determining whether to make such a request for the indigent party, courts do not utilize a bright-line test. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, where it appears than a plaintiff's claims seem likely to be of substance, the Court should then consider:

> The indigent's ability to investigate the crucial facts, whether
> conflicting evidence implicating the need for cross-examination
> will be the major proof presented to the fact finder, the indigent's
> ability to present the case, the complexity of the legal issues and
> any special reason in that case why appointment of counsel would
> be more likely to lead to a just determination. a number of factors

---

[10] Plaintiff is of course free to pursue claims against the individuals responsible for the alleged wrongdoing through DOCCS administrative procedures and, if necessary, by means of a properly filed action.

[11] Actual appointment of counsel is contingent upon the availability of pro bono counsel to accept an appointment. "If no [one] agrees to represent the plaintiff, there is nothing more the Court can do." *Rashid v. McGraw*, No. 01CIV10996, 2002 WL 31427349, at *1 n.1 (S.D.N.Y. Oct. 29, 2002).

must be carefully considered.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).[12]

Plaintiff has previously filed two motions seeking appointment of pro bono counsel. In denying plaintiff's second motion, Magistrate Judge Hummel advised plaintiff that a renewed request should be filed only in the event "he can demonstrate that, in light of specific changed circumstances, consideration of the above factors warrants granting the application." Dkt. No. 21 at 3.[13] In his renewed motions, plaintiff contends generally that his ability to litigate this action is greatly limited by his imprisonment and by his serious medical issues. *See* Dkt. Nos. 36, 40. Plaintiff states that he has limited access to a law library, limited knowledge of the law, and limited resources. *Id*. Plaintiff maintains that counsel would better enable plaintiff to obtain and present evidence and to address what plaintiff perceives to be ongoing retaliation and mistreatment. *Id*.

Upon review of the record in this action, the Court concludes that appointment of pro bono counsel at this stage of the proceedings is not warranted. In so ruling, the Court notes that while plaintiff's health concerns are not insignificant, there is no basis is the record upon which the Court could conclude that he is not able to pursue this action as a result thereof. In addition, although plaintiff's frequent transfers may have delayed plaintiff's receipt of discovery materials from defendants and, possibly, his ability to access the law library,

---

[12] As a prerequisite to requesting appointment of pro bono counsel, a party must first demonstrate that he or she is unable to obtain counsel through the private sector or public interest firms. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 173-74 (2d Cir. 1989). Plaintiff has sought representation from the private and public sector without success. *See* Dkt. No. 40 at 1, 6-7.

[13] Plaintiff's first motion for counsel was filed at the outset of this litigation and addressed by the Court in the October Order. *See* October Order at 16-18, 20.

plaintiff does not contend that he has been unable to meet his deadlines in this action or otherwise prejudiced in pursuing his claims.[14] While plaintiff states that he has no formal training in federal laws, his skills are self-taught, and his financial resources are extremely limited, *see* Dkt. No. 40 at 6-7, this is true of most of the pro se litigants that come before the court. Plaintiff appears to have a good grasp of the issues, and he has filed coherent and complete documents with the Court thus far.[15]

The Court is not aware of any special reason why appointment of counsel in this case is warranted at this time and is mindful, as the Second Circuit has admonished that it must be, of the scarcity of volunteer lawyers and the need to allocate that resource with the utmost care. *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (noting that "[v]olunteer lawyer time is a precious commodity."). Plaintiff is again advised that he may file another motion for appointment of counsel only in the event he can demonstrate that, in light of specific changed circumstances, consideration of the above factors warrants granting the application. Further, if this case survives a dispositive motion and proceeds to trial, the Court will revisit this determination and will likely appoint counsel for trial.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion seeking an order appointing his brother as a "secondary claimant" in this action and directing his transfer to Washington C.F. (Dkt. No. 23)

---

[14] Plaintiff states in his most recent motion that he was "scheduled for law library this week, sometime." Dkt. No. 40 at 2. In the event plaintiff experiences delays accessing the law library or obtaining legal materials necessary to meet his deadlines in this action, he may request an extension of time from the court.

[15] As noted, plaintiff has raised several discovery-related concerns to Magistrate Judge Hummel for consideration.

is **DENIED**; and it is further

**ORDERED** that plaintiff's motion seeking preliminary injunctive relief regarding his medical care at Ulster C.F. (Dkt. No. 24) is **DENIED**; and it is further

**ORDERED** that plaintiff's motions seeking appointment of pro bono counsel (Dkt. Nos. 36, 40) are **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties; and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**IT IS SO ORDERED.**

Dated: May 16, 2017
       Syracuse, NY

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge