UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

────────────────────────────────────

BRIAN S. MUNGER,

                              Plaintiff,              9:16-CV-0728
                                                      (BKS/CFH)

        v.

DR. GERALD CAHILL; et al.,

                              Defendants.

────────────────────────────────────

APPEARANCES:                              OF COUNSEL:

BRIAN S. MUNGER
16-R-3234
Plaintiff, pro se
Wyoming Correctional Facility
P.O. Box 501
Attica, NY 14011

HON. ERIC T. SCHNEIDERMAN             HELENA O. PEDERSON, ESQ.
New York Attorney General             Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

BRENDA K. SANNES
United States District Judge

**DECISION and ORDER**

I.    **INTRODUCTION**

        This action was brought pro se by plaintiff Brian S. Munger seeking redress for

the violation of his constitutional rights during his confinement at Franklin Correctional

Facility ("Franklin C.F.") in 2013.  *See* Dkt. No. 1 ("Compl.").[1]  Plaintiff's claims that

────────────────────

        [1] According to the public website maintained by the Department of Corrections and Community Supervision ("DOCCS"), plaintiff is currently confined at Wyoming Correctional Facility ("Wyoming C.F.").  *See* http://nysdoccslookup.doccs.ny.gov.

defendants Dr. Cahill and Nurse White were deliberately indifferent to his serious medical needs and that Nurse White provided false information to Dr. Cahill in retaliation for plaintiff having filed grievances against her are pending.  *See* Dkt. No. 10 ("October Order") at 19.[2]

Presently before the Court is a motion from plaintiff seeking preliminary injunctive relief and appointment of pro bono counsel.  Dkt. No. 59.

## II.    DISCUSSION

### A.    Preliminary Injunctive Relief

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).  However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is "even higher." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal

---

[2]  The discovery completion date is set for July 7, 2017; dispositive motions, if any, are due September 8, 2017.  Dkt. No. 54 (Hummel, M.J.).

2

quotation marks omitted)).  Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief."  *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).[3]

In his motion, plaintiff acknowledges that pain medication has been "prescribed and administered" to him by his current medical provider, and states that he is not "being subjected to any malfeasance or retaliation from staff here at Wyoming [C.F.]."  Dkt. No. 59 at 1.[4]  Nevertheless, plaintiff states that he is "seriously concerned about any further 'interuption' [sic] in this daily medication."  *Id*. at 2.  On the basis of this "concern," plaintiff seeks an order of this Court requiring DOCCS to continue his current pain medication without interruption for the duration of his current prison sentence.  *Id*. at 1-2.

Defendants oppose the motion and urge its denial.  Dkt. No. 60.  Defendants contend that the requested relief is not available because neither DOCCS nor Wyoming C.F. medical staff are parties to this action, and because his request for injunctive relief "is unrelated to the surviving claims alleged in his complaint."  *Id*. at 2.  Defendants further contend that plaintiff has not made the showing required for the issuance of preliminary injunctive relief, noting that his "speculative 'concerns'" do not suffice to establish irreparable harm or a clear showing that he is entitled to the relief requested.  *Id*.

Plaintiff advised that upon review of defendants' response, he would not reply "and

---

[3]  Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm.  *See* 18 U.S.C. § 3626(a)(2).  In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system.  *See* 18 U.S.C. § 3626(a)(1)(A).

[4]  In a prior motion, plaintiff complained that his pain medication had been improperly discontinued by medical staff at Ulster Correctional Facility.  *See* Dkt. No. 24.

argue any longer as to there [sic] opposition to my request for injunctive relief. . . ."  Dkt. No. 64.

The Court has reviewed plaintiff's motion thoroughly and with due regard for his status as a pro se litigant.  On the basis of that review, the Court concludes that the motion affords no basis for the issuance of preliminary injunctive relief regarding plaintiff's future medical care during his DOCCS confinement.  As a result, plaintiff's motion is denied.

### B.    Appointment of Counsel

Plaintiffs bringing civil actions have no constitutional right to the appointment of counsel.  *See, e.g., United States v. Coven,* 662 F.2d 162, 176 (2d Cir. 1981).  However, pursuant to 28 U.S.C. § 1915(e), the court may request an attorney to represent an indigent party.  *See* 28 U.S.C. § 1915(e)(1) (authorizing the court to "request an attorney to represent any person unable to afford counsel.").[5]  In determining whether to make such a request for the indigent party, courts do not utilize a bright-line test.  *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Instead, where it appears than a plaintiff's claims seem likely to be of substance, a number of factors must be carefully considered.  *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (citing *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).[6]

This is plaintiff's fifth motion seeking appointment of pro bono counsel.  In denying his

---

[5]  Actual appointment of counsel is contingent upon the availability of pro bono counsel to accept an appointment.  "If no [one] agrees to represent the plaintiff, there is nothing more the Court can do."  *Rashid v. McGraw*, No. 01CIV10996, 2002 WL 31427349, at *1 n.1 (S.D.N.Y. Oct. 29, 2002).

[6]  Among the factors to be considered are the indigent's ability to investigate the crucial facts and present the case, the complexity of the legal issues, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, and whether any special reason exists why appointment of counsel would be more likely to lead to a just determination.  *Terminate Control Corp.*, 28 F.3d at 1341.

most recent motions, this Court advised plaintiff that a renewed request should be filed "only in the event he can demonstrate that, in light of specific changed circumstances, consideration of the above factors warrants granting the application." Dkt. No. 57 at 9. Plaintiff was also reminded that "if this case survives a dispositive motion and proceeds to trial, the Court will revisit this determination and will likely appoint counsel for trial." *Id*.[7]

In his motion, plaintiff contends that appointment of counsel is now warranted. Dkt. No. 59 at 2-3. While not entirely clear, plaintiff appears to be interested in settling his claims, and believes that the case is at the "very seriously important 'juncture'" where he needs to establish an "adequate settlement number." *See* Dkt. No. 64 at 2-3. Plaintiff does not identify any changed circumstances which are adversely impacting his ability to pursue his claims in this action.

Upon review of the record in this action, the Court concludes that plaintiff's renewed request for appointment of counsel must be denied. As noted above, discovery in this action has not yet concluded and the deadline for filing dispositive motions does not expire until September 2017. The Court is not aware of any special reason why appointment of counsel in this case is warranted at this time.[8] As the Second Circuit has admonished, courts must be mindful of the scarcity of volunteer lawyers and the need to allocate that resource with the utmost care. *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (noting

---

[7] This same advice was given to plaintiff upon consideration of his first motion for appointment of counsel. *See* Dkt. No. 10 at 17. Plaintiff appears to under the mistaken impression that "pre-trial" counsel would be appointed in his claim "survived next phase." Dkt. No. 59 at 2-3.

[8] Counsel's advice that "defendants would not oppose the appointment of counsel if the Court deems it appropriate to do so at this juncture," *see* Dkt. No. 60 at 4, does not warrant a different conclusion. The Court also notes that, as advised by Magistrate Judge Hummel, plaintiff may pursue the possibility of settlement by advising the Court and defense counsel of his interest in participating in a settlement conference. *See* Dkt. No. 66.

that "[v]olunteer lawyer time is a precious commodity.").

Plaintiff is again advised that he may file another motion for appointment of counsel only in the event he can demonstrate that, in light of specific changed circumstances, consideration of the above factors warrants granting the application. If this case survives a dispositive motion and proceeds to trial, the Court will revisit this determination and will likely appoint counsel for trial.

**III.    CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion seeking preliminary injunctive relief regarding his future medical care (Dkt. No. 59) is **DENIED**; and it is further

**ORDERED** that plaintiff's motion seeking appointment of pro bono counsel (Dkt. No. 59) is **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties; and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**IT IS SO ORDERED.**

Dated:  June 30, 2017
        Syracuse, NY

Brenda K. Sannes
U.S. District Judge