UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRIAN S. MUNGER,

                              Plaintiff,                    9:16-CV-0728
                                                                                   (BKS/CFH)

      v.

DR. GERALD CAHILL; et al.,

                              Defendants.
_____

APPEARANCES:                                                OF COUNSEL:

BRIAN S. MUNGER
16-R-3234
Plaintiff, pro se
Wyoming Correctional Facility
P.O. Box 501
Attica, NY 14011

HON. ERIC T. SCHNEIDERMAN               HELENA O. PEDERSON, ESQ.
New York Attorney General                     Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

I.      **INTRODUCTION**

      This action was brought pro se by plaintiff Brian S. Munger seeking redress for

the violation of his constitutional rights during his confinement at Franklin Correctional

Facility ("Franklin C.F.") in 2013.  *See* Dkt. No. 1 ("Compl.").[1]  Plaintiff's claims that

---

[1] Plaintiff was released from DOCCS custody to parole supervision in January 2014; plaintiff returned to DOCCS custody in December 2016.  *See* Dkt. No. 57 at 1 n.1.  Plaintiff has been confined at Wyoming Correctional Facility ("Wyoming C.F.") since March 2017.  *See* Dkt. No. 35.  Wyoming C.F. is located in

defendants Dr. Cahill and Nurse White were deliberately indifferent to his serious medical needs and that Nurse White provided false information to Dr. Cahill in retaliation for plaintiff having filed grievances against her are pending. See Dkt. No. 10 at 19.[2]

Presently before the Court is a motion from plaintiff seeking preliminary injunctive relief and appointment of pro bono counsel. Dkt. No. 68.[3]

## II.  DISCUSSION

### A.  Preliminary Injunctive Relief

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is "even higher." *Cacchillo*

---

Wyoming County, which is a part of the Western District of New York. See 28 U.S.C. § 112(d).

[2] Dispositive motions, if any, are due November 7, 2017. Dkt. No. 77 (Hummel, M.J.).

[3] Plaintiff has also filed a discovery-related motion, which is pending before Magistrate Judge Christian F. Hummel. See Dkt. No. 72.

*v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).[4]

In his motion, plaintiff seeks injunctive relief from this Court regarding his medical care at Wyoming C.F., where he is currently confined. Dkt. No. 68. According to plaintiff, although Dr. Jun, plaintiff's medical provider at Wyoming C.F., prescribed MS Contin upon plaintiff's arrival at that facility, plaintiff was informed on June 20, 2017, that the medication "was being taken away." *Id*. at 2. As alleged, "this doctor just took away 17 years of prescribed treatment from all the civilian doctors. How could this be." *Id*. Plaintiff also complains that his cane was confiscated, and that he was denied a medical permit for an extra mattress. *Id*. at 3. Plaintiff seeks an order of this Court enjoining Dr. Jun from interfering with his previously prescribed dosage of MS Contin, and directing that his cane be returned. *Id*. at 4.

Defendants oppose plaintiff's motion and urge its denial. Dkt. No. 71. Defendants contend that the relief requested by plaintiff is not available because neither DOCCS nor Wyoming C.F. medical staff are parties to this action, and because plaintiff's claim regarding his medical care at that facility is unrelated to the surviving claims alleged in his complaint.

---

[4] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. *See* 18 U.S.C. § 3626(a)(1)(A).

3

*Id*. at 1.

Defendants also urge denial of plaintiff's motion on the ground that he has not established any of the required predicates for a preliminary injunction. Dkt. No. 71 at 1. Relying on a declaration provided by Dr. Jun, defendants maintain that plaintiff is receiving adequate and appropriate medical care, and contend that plaintiff's complaints are "nothing more that his own personal disagreement with treatment decisions made by qualified medical staff at DOCCS and, specifically, Wyoming [C.F.]," which afford no basis for judicial relief. *Id*. at 2; *see* Dkt. No. 71-1 (Declaration of Jun, MD).[5] More specifically, Dr. Jun states that he met with plaintiff in June 2017 to inform him of the determination made by the DOCCS Regional Medical Director to discontinue plaintiff's MS Contin prescription. *See* Dkt. No. 71-1 at 3.[6] The process of weaning plaintiff off of MS Contin began on or about June 15, 2017, when his evening dose was reduced from 60 mg to 30 mg. *Id*.[7] On or about July 21, 2017, the dose was further reduced to 30 mg in the evening and 30 mg in the morning. Dkt. No. 78-1 at 2.[8] Dr. Jun stated that plaintiff would be reevaluated in approximately thirty days to determine whether the medication should be "further tapered or completely discontinued at

---

[5] Noting that this is plaintiff's third motion for injunctive relief (and that he has made numerous requests for appointment of counsel), defendants' counsel seeks an order of this Court precluding plaintiff from "filing additional motions on such issues" without prior leave of court. Dkt. No. 71 at 2-3.

[6] Dr. Jun states that in accordance with the recently adopted DOCCS Policy 1.24 ("Medications with Abuse Potential"), the Regional Medical Director must approve all prescriptions for "medications with abuse potential;" of which MS Contin is one. Dkt. No. 71-1 at 3; *see also* Dkt. No. 71-1 at 5-7 (DOCCS Policy 1.24).

[7] Plaintiff's cane was returned to him on June 30, 2017. Dkt. No. 71-1 at 4.

[8] Dr, Jun's original declaration stated that plaintiff's MS Contin prescription had been discontinued as of June 30, 2017. *See* Dkt. No. 71-1 at 4. Upon review of plaintiff's motion reply papers, in which he stated that he was still taking MS Contin as of July 18, 2017, it became apparent that the original declaration contained incorrect information; a supplemental declaration from Dr. Jun was filed on July 31, 2017. *See* Dkt. No. 78 at 1; Dkt. No. 78-1 (Supplemental Declaration of Jun, MD).

4

that time." *Id*. at 3.[9]

Plaintiff filed a reply to defendants' response in opposition to his motion, as well as two further submissions in support of his motion for preliminary injunctive relief. *See* Dkt. Nos. 74 (Reply); 81 (Sur Reply); 82 (Sur Reply). In his reply, plaintiff restates his belief that treatment with MS Contin is medically necessary and should be continued, and expresses his profound opposition to the involvement of the Regional Medical Director in making decisions regarding his healthcare. Dkt. No. 74 at 2-3.[10] Plaintiff also addresses, in all three submissions, the mistaken statement in Dr. Jun's original declaration that plaintiff's MS Contin prescription had been completely withdrawn and discontinued as of June 30, 2017. *See* Dkt. No. 74 at 2-7; Dkt. No. 81 at 1-5; Dkt. No. 82 at 2-3. Plaintiff maintains that this statement was intended to prejudice the Court's consideration of plaintiff's motion and, also, to adversely affect his ongoing medical care. Dkt. No. 81 at 1-2.[11]

The Court has reviewed plaintiff's motion and his supporting submissions thoroughly and with due regard for his status as a pro se litigant. On the basis of that review, the Court concludes that the motion affords no basis for the issuance of preliminary injunctive relief regarding plaintiff's medical care at Wyoming C.F. As plaintiff has been previously advised,

---

[9] According to plaintiff, his medication was completely discontinued as of August 4, 2017. *See* Dkt. No. 82 at 4.

[10] Plaintiff disputes defendants' contention that he has engaged in improper litigation tactics. *See* Dkt. No. 74 at 1-2. Noting his status as a pro se litigant, plaintiff maintains that he is endeavoring in good faith to pursue his claims and to seek redress for what he considers to be an ongoing denial of proper and adequate medical care. *Id*. Plaintiff further states that he intends to file a new claim relating to his medical care at Wyoming C.F. Dkt. No. 82 at 4.

[11] Plaintiff takes issue with the fact that Dr. Jun's declarations may have been drafted by counsel and sent to him for review and signature. *See* Dkt. No. 74 at 2-3; Dkt. No. 81 at 1; Dkt. No. 82 at 1-2. Plaintiff is advised that this practice is not improper; the Court also notes that the mistake in the original declaration was corrected promptly and has not disadvantaged plaintiff in this action.

5

the claims in this action arose at Franklin C.F. and are asserted against Dr. Cahill and Nurse White, neither of whom are alleged to have any involvement in or responsibility for plaintiff's medical care since he left that facility in approximately January 2014. *See, e.g.,* Dkt. No. 57 at 6-7.

As a result, plaintiff's motion is denied. Plaintiff is reminded that concerns regarding his current medical care must be addressed through administrative channel at Wyoming C.F. and DOCCS and, if appropriate, by means of a properly filed action.[12]

### B. Appointment of Counsel

Plaintiffs bringing civil actions have no constitutional right to the appointment of counsel. *See, e.g., United States v. Coven,* 662 F.2d 162, 176 (2d Cir. 1981). However, pursuant to 28 U.S.C. § 1915(e), the court may request an attorney to represent an indigent party. *See* 28 U.S.C. § 1915(e)(1) (authorizing the court to "request an attorney to represent any person unable to afford counsel.").[13]

In determining whether to make such a request for the indigent party, courts do not utilize a bright-line test. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, where it appears than a plaintiff's claims seem likely to be of substance, a number of factors must be carefully considered. *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335,

---

[12] Because counsel has not complied with the procedural requirements for seeking sanctions set forth in Rule 11 of the Federal Rules of Civil Procedure which, among other things, require prior notice to the opposing party and the filing of a separate motion for sanctions, the Court declines to address counsel's request for an order limiting further filings by plaintiff. Plaintiff is advised, however, that repetitive unsubstantiated filings which unnecessarily burden the Court and defendants may result in the imposition of sanctions.

[13] Actual appointment of counsel is contingent upon the availability of pro bono counsel to accept an appointment. "If no [one] agrees to represent the plaintiff, there is nothing more the Court can do." *Rashid v. McGraw*, No. 01CIV10996, 2002 WL 31427349, at *1 n.1 (S.D.N.Y. Oct. 29, 2002).

1341 (2d Cir. 1994) (citing *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).[14]

This is plaintiff's sixth request for the appointment of pro bono counsel. In denying his earlier requests, *see* Dkt. Nos. 57, 67, this Court has carefully considered the relevant factors identified by the Second Circuit in *Terminate Control Corp.,* and has been mindful of the scarcity of volunteer lawyers and the need to allocate that resource with the utmost care. *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (noting that "[v]olunteer lawyer time is a precious commodity."). Plaintiff has been advised that a renewed request should be filed "only in the event he can demonstrate that, in light of specific changed circumstances, consideration of the above factors warrants granting the application." *See* Dkt. No. 67 at 6.

Upon review of the record in this action, the Court concludes that plaintiff's renewed request for appointment of counsel (Dkt. No. 68) must be denied. Plaintiff has pursued his claims diligently throughout the pendency of this action and actively sought discovery from defendants. *See* Dkt. No. 76 (Defendants' Response to Plaintiff's Motion to Compel). Discovery in this action has concluded and the deadline for filing dispositive motions expires November 7, 2017. *See* Dkt. No. 77(Hummel. M.J.). Plaintiff has not identified any changed circumstances which are adversely impacting his ability to pursue his claims in this action, and the Court is not aware of any special reason why appointment of counsel in this case is warranted at this time. If this case survives a dispositive motion and proceeds to trial, the Court will revisit this determination and will likely appoint counsel for trial.

---

[14] Among the factors to be considered are the indigent's ability to investigate the crucial facts and present the case, the complexity of the legal issues, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, and whether any special reason exists why appointment of counsel would be more likely to lead to a just determination. *Terminate Control Corp.*, 28 F.3d at 1341.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion seeking preliminary injunctive relief regarding his medical care at Wyoming C.F. (Dkt. No. 68) is **DENIED**; and it is further

**ORDERED** that plaintiff's request for appointment of pro bono counsel (Dkt. No. 68) is **DENIED** with leave to renew only in the limited circumstances set forth above; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties; and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**IT IS SO ORDERED.**

Dated: September 26, 2017
Syracuse, NY

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge