**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

BRIAN S. MUNGER,

                                  Plaintiff,                    9:16-cv-00728 (BKS/CFH)

v.

DR. GERALD CAHILL et al.,

                                  Defendants.

**Appearances:**

Brian S. Munger
16-R-3234
Wyoming Correctional Facility
P.O. Box 501
Attica, NY 14011
*Plaintiff, pro se*

Helena O. Pederson
Barbara D. Underwood
New York State Attorney General
Office of New York State Attorney General
The Capitol
Albany, NY 12224
*Attorney for Defendants*

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

      Plaintiff Brian S. Munger brought this action against Dr. Gerald Cahill and Nurse White under 42 U.S.C. § 1983, alleging that they violated his rights under the First and Eighth Amendments when Plaintiff was incarcerated at Franklin Correctional Facility. (Dkt. No. 1). Plaintiff's claims arise out of Dr. Cahill's discontinuance of an opiate pain medication, MS Contin, from January 2013 until June 2013, following an inmate's report to Nurse White that Plaintiff had been selling the medicine in his dorm room. Both parties moved for summary

judgment under Fed. R. Civ. P. 56, and the motions were referred to United States Magistrate Judge Christian F. Hummel for report-recommendation. (Dkt. Nos. 89, 93).

On July 23, 2018, Magistrate Judge Hummel issued a thorough and well-reasoned decision, recommending that Plaintiff's motion for summary judgment be denied, that Defendants' motion for summary judgment be granted, and that Plaintiff's complaint be dismissed in its entirety with prejudice. (Dkt. No. 115). Magistrate Judge Hummel found that Plaintiff failed to exhaust his administrative remedies with respect to his retaliation claim against Nurse White, and that this claim should be dismissed in any event because the only potentially viable alleged adverse action predated Plaintiff's protected speech. (*Id.* at 17–19, 36–38). Magistrate Judge Hummel concluded that Plaintiff had failed to establish either that he suffered a sufficiently serious deprivation of medical care or that Defendants acted with the requisite intent. (*Id.* at 27–34). Magistrate Judge Hummel notified the parties that they had fourteen days to file written objections to the report-recommendation under 28 U.S.C. § 636(b)(1), and that the failure to object to the report within fourteen days would preclude appellate review. (*Id.* at 40). On August 15, 2018, Plaintiff filed an objection to the report. (Dkt. No. 118).

This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

2

Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

Although Plaintiff objects to Magistrate Judge Hummel's conclusion that Plaintiff failed to exhaust his administrative remedies with respect to retaliation by Nurse White, (Dkt. No. 118, at 5), he has not identified any basis to challenge Magistrate Judge Hummel's findings: that grievance FKN-10071-13 "did not address alleged retaliatory conduct—or any conduct at all—by Nurse White," and that grievance FKN-10071-13 "failed to put defendants on notice of a retaliation claim against Nurse White and allow a proper investigation as to that claim," (Dkt. No. 115, at 18).

The Court has reviewed de novo Plaintiff's objections to Magistrate Judge Hummel's analysis of Plaintiff's allegations and the affidavits of other inmates, and concurs with Magistrate Judge Hummel's determination that Plaintiff failed to raise a triable issue of fact concerning whether the delay in the interruption of his treatment with MS Contin was "sufficiently grave to establish constitutional liability." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006).

Plaintiff faults Dr. Cahill for ordering only a "simple X-ray without ordering an MRI," (Dkt. No. 118 at 4), and for not "independently reschedul[ing] an appointment with plaintiff" after reviewing Plaintiff's outside medical records, (*id.* at 7). But Dr. Cahill explained why, in his opinion, the "six-month follow-up appointment was . . . reasonable and appropriate under these circumstances," and notes that Plaintiff could have gone to emergency sick call to request treatment. (Dkt. No. 89-9, ¶ 29). And as Magistrate Judge Hummel noted, the "mere disagreement over the proper treatment does not create a constitutional claim." (Dkt. No. 115, at 28); *see Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998); *Randle v. Alexander*, 960 F. Supp. 2d 457, 481 (S.D.N.Y. 2013) ([D]isagreements over medications, diagnostic techniques

(e.g., the need for x-rays), forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds for a Section 1983 claim.").

Plaintiff's assertion that Defendants' alleged failure to report his sale of MS Contin violates his right to substantive due process because he was entitled to a hearing and appeal before the medicine was discontinued is without merit. Plaintiff's challenge to his medical treatment is covered by the Eighth Amendment, and "must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997); *see, e.g.*, *Gomez v. Tedford*, No. 14-cv-1476, 2016 WL 6081844, at *4, 2016 U.S. Dist. LEXIS 129009, at *15 (N.D.N.Y. Sept. 20, 2016) (dismissing substantive due process claim that falls within the scope of the Eighth Amendment), *report-recommendation adopted*, 2016 WL 6072400, 2016 U.S. Dist. LEXIS 143148 (N.D.N.Y. Oct. 17, 2016).

The Court has reviewed Plaintiff's other objections and found them to be without merit, and has reviewed the remainder of the report-recommendation for clear error and found none.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the report-recommendation (Dkt. No. 118) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for summary judgment under Fed. R. Civ. P. 56 (Dkt. No. 93) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for summary judgment under Fed. R. Civ. P. 56 (Dkt. No. 89) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED** in its entirety with prejudice; and it is further

**ORDERED** that Plaintiff's pending letter motion seeking a typewriter to do legal work (Dkt. No. 112) is **DENIED** as moot; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED**.

Dated: August 31, 2018
       Syracuse, New York

_____
Brenda K. Sannes
U.S. District Judge