# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

BRIAN S. MUNGER,

                        Plaintiff,                    9:16-cv-00728 (BKS/CFH)

v.

DR. GERALD CAHILL and NURSE WHITE,

                        Defendants.

**Appearances:**

*Plaintiff pro se:*
Brian S. Munger
16-R-3234
Wyoming Correctional Facility
P.O. Box 501
Attica, NY 14011

*Attorney for Defendants:*
Helena O. Pederson, Esq.
New York State Attorney General's Office
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

      Presently before the Court is Plaintiff pro se Brian Munger's motion for reconsideration of the Court's August 31, 2018 judgment granting Defendants' motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure and dismissing Plaintiff's complaint. (Dkt. Nos. 121, 122). Plaintiff has also filed a notice of appeal from the judgment. (Dkt. No. 123).[1]

---

[1] On November 7, 2018, the Second Circuit Court of Appeals stayed the appeal pending resolution of the motion for reconsideration. The filing of the notice of appeal does not divest this Court of jurisdiction to rule on the pending motion for reconsideration. *See Coan v. Kaufman*, 349 F. Supp. 2d 271, 273 n.1 (D. Conn. 2004), *aff'd*, 457 F.3d 250 (2d Cir. 2006).

Defendants oppose the motion for reconsideration. (Dkt. No. 126). For the reasons set forth below, Plaintiff's motion is denied.

Plaintiff brings his motion under Rule 59(e) to alter or amend the judgment and under Rule 60(b)(6) for relief from the judgment. A motion under Rule 59(e) to alter or amend a judgment must be filed within 28 days from the entry of the judgment. Fed. R. Civ. P. 59(e). A motion under Rule 60(b)(6) "must be made within a reasonable time." Fed. R. Civ. P 60(c)(1); *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 190 n.8 (2d Cir. 2006). The judgment was entered on August 31, 2018. (Dkt. No. 120). Plaintiff's motion, which was provided to the correctional facility for mailing on September 25, 2018, is timely. (Dkt. No. 121; Dkt. No. 121-2, at 2); *see Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001).[2]

A motion to alter a judgment under Rule 59(e) "may be granted 'only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error of law or prevent manifest injustice.'" *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (quoting *Hollander v. Members of the Bd. of Regents*, 524 F. App'x 727, 729 (2d Cir. 2013)). "It is well settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). The standard for granting a Rule 59 motion "is strict, and reconsideration will generally be denied unless the party can point to controlling decisions or data that the court overlooked—matters, in other words, that

---

[2] Defendants argue that the motion is untimely under Local Rule 7.1(g), which provides a fourteen-day deadline for motions for reconsideration. (Dkt. No. 126). The deadline for motions under Rules 59(e) and 60, however, is established in those provisions. *See, e.g.*, Fed. R. Civ. P. 83(a)(1) advisory committee note (district courts may "adopt local rules not inconsistent with the Federal Rules").

might reasonably be expected to alter the conclusion reached by the court." *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Rule 60(b) permits a court to relieve a party from a final judgment based upon any of the specific grounds set forth in subparagraphs (1) through (5) or upon "any other reason that justifies relief" under subparagraph (6). The catch-all provision in Rule 60(b)(6) requires "extraordinary circumstances." *Grace*, 443 F.3d at 190 n.8.

Plaintiff has failed to meet the heavy burden for relief under either Rule 59(e) or Rule 60(b)(6). Plaintiff has not identified any new evidence. Although Plaintiff asserts that there is "factual information that was erroneously overlooked," he cites evidence and arguments already considered by the Court. (Dkt. No. 121, at 2). For example, with respect to Plaintiff's failure to exhaust his administrative remedies regarding Nurse White's alleged retaliation for filing grievances, Plaintiff cites the grievance already considered, grievance FKN-10033-13. (*See* Dkt. No. 121-1, at 2, 13–16). Plaintiff simply seeks to relitigate his claim that this grievance alleges retaliatory conduct by Nurse White. (Dkt. No. 89-5, at 6–9; Dkt. No. 115, at 17). With respect to Plaintiff's Eighth Amendment medical indifference claim, Plaintiff rehashes his argument that Dr. Cahill should not have discontinued Plaintiff's MS Contin prescription on January 9, 2013, based on an inmate's report that Plaintiff was selling the medicine. (Dkt. No. 121, at 7–10; Dkt. No. 121-1, at 3–5). Plaintiff cites evidence of his medical records from 2009, the documentation of his prescribed medication, and his sick call history following the discontinuance of the medicine. But that evidence is not new, and it was not overlooked; it was considered by the Court, as well as by Dr. Cahill. (Dkt. No. 115, at 4–5, 8–9). Having fully reviewed Plaintiff's motion and supporting documents, the Court finds no basis for the extraordinary remedies of Rule 59(e) or 60(b)(6).

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's letter motion for reconsideration (Dkt. No. 121) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on the Plaintiff.

**IT IS SO ORDERED.**

Dated: December 10, 2018
Syracuse, New York

Brenda K. Sannes
U.S. District Judge